### TEXAS & P. R. CO. v. ROBERTSON.

(Court of Civil Appeals of Texas. Dallas. Jan. 20, 1912.)

**1. CARRIERS (§ 114*)—TERMINATION OF RELATION—DELIVERY OF GOODS.**

Where at destination the shipper surrenders the bill of lading, and the railroad company places the car on the unloading track for him, and he, though removing part of the goods, allows others to remain therein, by permission of the company, on agreement to pay demurrage, the relation of carrier and shipper ceases, and any liability for the burning of those left is not that of a carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 608–620; Dec. Dig. § 114.*]

**2. CARRIERS (§ 140*)—LIABILITY OF WAREHOUSEMAN.**

In the absence of a showing of negligence, a railroad company is not liable as warehouseman for the burning of goods left in its car at destination by the shipper under agreement to pay demurrage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 609; Dec. Dig. § 140.*]

Error from District Court, Van Zandt County; R. W. Simpson, Judge.

Action by J. O. Robertson against the Texas & Pacific Railroad Company. Judgment for plaintiff. Defendant brings error. Reversed and rendered.

W. L. Hall and J. A. Germany, for plaintiff in error. Wynne & Wynne, for defendant in error.

BOOKHOUT, J. J. O. Robertson brought this suit in the district court of Van Zandt county to recover the value of household goods, amounting to $1,861.05, shipped from Dallas, Tex., to Grand Saline, Tex., on June 29, 1909, alleging that a portion of said goods were delivered to him at Grand Saline; that the car containing said goods was set on fire and burned in the possession of said company. He further alleges that in the event said company should contend that, at the time said goods were destroyed in its possession, it was holding them, not as a common carrier, but as a warehouseman,

---

then he charges that the goods were destroyed by the carelessness and negligence of defendant in placing the car on the track at a point where the defendant would clean out the ash boxes of its engines and unload their fire, thus making great piles of embers and coals; that the same were blown about by the wind and were blown into the car where the goods were situated, setting them on fire and burning them up. Or if it did not occur that way, then he charges·that the company knew that the car contained bedding, consisting of straw mattresses and other combustible materials, and negligently placed it on the switch track, leaving the south door partly open; that door being next to the main track where engines' on the main tracks would pass by every few minutes traveling both up and down grade, emitting sparks and live cinders that blew into the car and set it on fire. The railroad company answered by general demurrer and general denial and admitted the reception of the goods at Dallas, same having been loaded by plaintiff and under his directions, without interference or assistance of the defendant; that it transported them to Grand Saline, and the car was set out in the usual and customary place for unloading, on what is known as the city track, which track is used for delivering shipments of goods in car load lots; that afterwards Robertson presented his bill of lading on said goods in said car, and the same were delivered to him in good condition; that he went into the car and hauled a portion of the goods out; that, for some reason, he was not ready to remove all of them, and had the car sealed up on his own account and left his goods in the car without the assistance or directions of said company or any of its agents or employés; but that he or his agents had charge of said goods at all times after they were delivered to him, and agreed with the agent of the company that the goods should remain in the car, and that he would pay rental on the car to the amount of the regular demurrage until he had time to arrange a place to put them elsewhere; that ón sundry occasions he and his family and his employés went into said car and removed goods therefrom, the amount of which the company did not know, neither did it know the kind or quality of goods so removed, nor did it seek to ascertain at that time what plaintiff was removing, for the reason that the said car was in his charge; that afterwards said car was set on fire in some way not known to the company; that it was a new car and could not have caught from passing trains, or otherwise from the outside; that, so far as the company knew, the plaintiff and his employés were the only persons who entered the car before it was burned, and, if any door was left open so that the contents could or would catch fire from the·outside, that it was left open by him. It especially denied that any of its employés opened said door or had anything to do ·with the car or its contents after the same was delivered to Robertson. Robertson filed a supplemental petition, denying the allegations of the company, and alleging that there was a hole in the floor of the car which exposed it to fire, and same was negligence, and denying delivery of the car to him; that defendant caused the seals to be placed on the door and kept said car under its own control, and for each day said car remained on the track it charged him demurrage therefor; that he never received the car and never came into possession of it; that about $350 worth of said goods were not rendered entirely worthless; and that the company refused to deliver any part of them to him after the fire, and sues for the value of them in the event the railroad company was not held liable as a carrier. A jury was taken, and after the testimony was in the court directed a verdict in favor of Robertson for $1,530.25. Plaintiff in error's motion for new trial having been overruled, it prosecutes error.

The first assignment of error is: "The court erred in overruling defendant's motion to instruct the jury to return a verdict in its favor, for the reasons: (a) The evidence showed effectively that plaintiff has as a matter of law received the shipment in question and the defendant held the same, if at all, in the capacity of a warehouseman; (b) plaintiff totally failed to show negligence on the part of the defendant as a warehouseman."

[1] The proposition presented is: When a delivery of a shipment is actually made, the relation of shipper and carrier ceases, no matter whether the goods are removed from the car or are placed in the warehouse of the carrier. This proposition must be sustained. The railroad company transported the car of merchandise from Dallas to Grand Saline and placed the same on the unloading track for the plaintiff. Plaintiff surrendered the bill of lading to the carrier and received and hauled away some of the merchandise. At the special request of the shipper, some of the merchandise was permitted to remain in the car, for which privilege he agreed to pay demurrage. The railroad, having fully performed its duty of transporting the merchandise, could not be held liable as carrier.

[2] There was no negligence shown on the part of the railroad company in permitting the merchandise to remain in the car while it was standing on the track, without which the company could not be held liable as warehouseman. The evidence showing that the contract of carriage had been fully performed, the court should have entered judgment for defendant.

The judgment will be reversed, and judgment here rendered for defendant.